UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                               CASE NO. 13-20917
                                                HON. DENISE PAGE HOOD

v.

MICHAEL BROWDER,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE OR RRC
PLACEMENT [ECF No. 185] and MOTION TO COMPEL
CONVEYANCE OF DEFENDANT TO HALFWAY HOUSE [#186]**

On July 10, 2015, Defendant was convicted by a jury of felon in possession of a firearm. ECF No. 53. He ultimately was sentenced to a term of imprisonment of 72 months. ECF No. 104. After he was released from prison in 2019, he violated his supervised release a number of times before it was revoked on December 13, 2021. ECF No. 181. This matter is before the Court on Defendant Michael Browder's Motion for Compassionate Release or Residential Reentry Center ("RRC") Placement. ECF No. 185. The Government has filed a response. For the reasons that follow, the Court denies Defendant's motion.

**I.     BACKGROUND**

1

As noted above, Defendant was convicted of being a felon in possession of a firearm in 2015. Since he was released from the Bureau of Prisons ("BOP") in 2019, Defendant repeatedly engaged in conduct that prompted the Probation Department to issue violation reports or amended violation reports. These violation reports chronicled the difficulty Defendant had in readjusting to life outside of prison. His violations include: (a) allegedly assaulting a partner while she was driving a car on local freeway, ECF No. 123; and (b) using controlled substances, ECF Nos. 116, 166, 170. The Court ultimately revoked his supervision and sentenced him to 18 months in prison. ECF No. 181.

## II.     MOTION FOR COMPASSIONATE RELEASE

### A.     The First Step Act

In resolving motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020). A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021)

(citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

A defendant must first exhaust all administrative remedies, or, alternatively, wait 30 days after the warden's first receipt of the request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Defendant, however, has not claimed that he exhausted his administrative remedies, and the Government claims that Defendant has not made a request for compassionate release to the warden. On that basis alone, Defendant's Motion for Compassionate Release must be denied pursuant to *Alam. See also United States v. Raia*, 95 F.3d 594, 595-97 (3d Cir. 2020). As discussed below, the Court also denies Defendant's Motion for Compassionate Release on the merits.

**B.     First Step – Extraordinary and Compelling Circumstances**

As to whether there are extraordinary and compelling circumstances to merit a sentence reduction in this case, Defendant states that he has had Stage 4 colon cancer. He represents that it has been in remission since 2008, but he argues that he is at heightened risk due to Covid-19. The Government argues that the BOP has mitigated and continues to mitigate the COVID-19 pandemic, by various strict protocols and distribution of vaccines to staff and inmates. It also states that the BOP has implemented the Attorney General's directive on assessing home-

3

confinement options for some inmates based on age, vulnerability to COVID-19, the risks that the inmate may contract COVID-19 at home, and the risk to public safety.

The COVID-19 vaccine is now available to a defendant housed with the BOP. If the defendant has access to the vaccine, the Sixth Circuit has concluded that the COVID-19 pandemic does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Lemons,* 15 F. 4th 747, 751 (6th Cir. 2021). The Sixth Circuit further stated:

> After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order."

*Id.* (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

Courts have routinely held that extraordinary and compelling circumstances are lacking, and a compassionate release is not warranted, based on the threat of Covid-19 alone when a vaccine is available. *See, e.g., United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021); *United States v. Wills*, 2021 WL 2179256, at *1 (D. Or. May 27, 2021); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021); *Gale v. United States*, 2021 WL 1912380,

4

at *3 (E.D. Va. May 12, 2021); *United States v. Jackson*, 2021 WL 1145903 (E.D. Pa. Mar. 25, 2021); *United States v. Jackson*, 2021 WL 3417910, at *3 (E.D. Mich. Aug. 5, 2021); *United States v. Swarn*, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021).

The Court notes that Defendant has not only had access to the Covid-19 vaccine, he has received it. The Court holds that a sentence modification is not warranted based on: (a) Defendant's current medical conditions, as Defendant indicates his cancer is in remission and does not cite any other underlying medical condition; and (b) the fact that he has received the Covid-19 vaccine.

### C. Second Step – 18 U.S.C. § 3553(a)(1) Factors

Even if the Court were to conclude that Defendant had established an extraordinary and compelling reason based on his health, the Court does not end its analysis there. The law requires that the Court also consider a second step, a step mandating that the sentencing court consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
    (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...

* * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553 (West).

The Sixth Circuit has repeatedly recognized that district courts may deny relief under § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief. *Ruffin,* 978 F.3d at 1008. The entire record is considered, including the district court's balancing of the factors at the original sentencing with respect to Defendant's supervised release violations. *Id.* The Court finds that a consideration of the Section 3553(a) factors does not support his early release.

Defendant's underlying conviction was for felon in possession of a firearm. Defendant repeatedly failed to comply with the terms of his supervised release, including but not limited to: (1) allegedly assaulting his partner while she was driving (his partner later withdrew this complaint); (2) submitting numerous positive drug tests; (3) allegedly possessing a firearm; (4) not meeting with his probation officer; and (5) continued communications with his partner after being ordered to not have any contact with her. Based on these events, the Court finds that Defendant has routinely demonstrated that he is a danger to the community and will not comply with the conditions of his release.

The Court also notes that Defendant's sentence for violation of his supervised release was imposed after a thorough consideration of the Section 3553(a) factors. The Court's consideration of those factors in light of Defendant's compassionate release request yields the same conclusion because Defendant has not demonstrated that his 18-month sentence was improper or should be terminated early. Accordingly, the Court denies Defendant's request for compassionate release.

### III. RRC Placement/Motion to Compel Conveyance to a Halfway House

The Bureau of Prisons, not the Court, has the discretionary authority to place an inmate in an RRC or halfway house. *See* 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110–199, § 251, 122 Stat. 657 (2008). *See also U.S. v. Morris*, 15-cr-20283, ECF No. 424, PageID 4169 (Steeh, J.); *U.S. v.*

*George*, 2018 WL 2148179 at *2 (E.D. Mich. May 10, 2018) (Edmunds, J.). Accordingly, Defendant's request that the Court order the BOP to place him in an RRC or halfway house is denied.

## IV. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Compassionate Release or RRC Placement [ECF No. 185] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Conveyance of Defendant to a Halfway House [ECF No. 186] is DENIED.

IT IS ORDERED.

                                      s/Denise Page Hood
                                      DENISE PAGE HOOD
DATED: July 21, 2022         UNITED STATES DISTRICT JUDGE